# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2023

Lyle W. Cayce
Clerk

No. 22-50748

---

Joseph Daniel Cascino; Shanda Marie Sansing; Brenda
Li Garcia,

*Plaintiffs—Appellants,*

*versus*

Jane Nelson, *Texas Secretary of State,*

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-438

---

Before Jones, Stewart, and Duncan, *Circuit Judges.*

Per Curiam:[*]

     Prior to this appeal, Plaintiffs, Joseph Daniel Cascino, Shanda Marie
Sansing, and Brenda Li Garcia, sought and obtained a preliminary injunction
from the district court, on grounds that a Texas election law was
unconstitutional as applied during the COVID-19 pandemic. The particular
law at issue only allowed mail-in voting for adults 65 and older without

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50748

excuse. This court rejected that argument in a decision vacating the injunction and remanding the case to the district court. *See Tex. Democratic Party v. Abbott*, 978 F.3d 168 (5th Cir. 2020) ("*TDP II*"). Now this case is back before us on review; but this time, the argument is slightly different. Plaintiffs now argue that the same election law is facially unconstitutional notwithstanding COVID-19 concerns. Recognizing the language in our prior decision, the district court dismissed their claim. Because our caselaw forecloses this issue and there has been no intervening change of law, we AFFIRM.

## I.    Background[1]

Texas voters are generally required to cast their ballots in person unless they face a particular circumstance or hardship that is expressly provided for in the state's election code. *See* Tex. Elec. Code §§ 82.001–.004. If, on election day, the voter (1) anticipates their absence from a county of residence, *id.* at § 82.001; (2) has a sickness or physical condition that prevents them from showing up to the polls without a likelihood of injury or a need for assistance or is expecting to give birth within three weeks before or after election day, *id.* at § 82.002; (3) is 65 or older, *id.* at § 82.003; or (4) incarcerated, *id.* at § 82.004, the voter may apply to cast his ballot by mail. *See In re Stat*e *of Tex.*, 602 S.W.3d 549, 559 (Tex. 2020).

Plaintiffs are Texas voters who are between the ages of 20 and 60 and want to cast mail-in ballots. They argue that Texas's age-based eligibility for casting mail-in ballots violates the Twenty-Sixth Amendment, which provides that "[t]he right of citizens of the United States, who are eighteen

---

[1] The extensive background underlying this case is thoroughly described in our previous opinion and briefly summarized here for purposes of completeness. *See TDP II*, 978 F.3d at 174–76.

No. 22-50748

years of age or older, to vote shall not be denied or abridged by the United States or by any State on account of age." U.S. CONST. AMEND. XXVI § 1. According to Plaintiffs, their right to vote is "abridged" because § 82.003 extends the opportunity to vote by mail to a group "solely on the basis of their age."[2]

Plaintiffs brought the instant federal suit against several state officials including the Secretary of State.[3] They alleged that the age-based condition was both "unconstitutional as applied to these Plaintiffs during the pandemic" and "facially unconstitutional." Plaintiffs subsequently filed a motion for a preliminary injunction regarding their as-applied claim. Their claim focused on the added challenges to voting that arose from the spread of COVID-19 during an election year. They sought to enjoin the state from denying mail-in ballots to otherwise eligible voters under the age of 65. In reviewing this claim, the district court, applying strict scrutiny, held that Plaintiffs "established that they are likely to succeed on their as applied Twenty-Sixth Amendment claim," and entered the injunction.

The state officials appealed and sought an emergency motion for a stay pending appeal. *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 394 (5th Cir. 2020) ("*TDP I*"). A motions panel of this court granted the motion to stay, and ultimately vacated the injunction. *Id.* at 412. As to the as-applied

---

[2] Plaintiffs first presented a similar constitutional argument in state court at the onset of the COVID-19 pandemic. They sought a declaration that Texans who needed to socially distance could vote by mail under the notion that the risk of contracting COVID-19 was sufficient to meet the "physical condition" category under § 82.002. *State of Tex.*, 602 S.W.3d at 551. The Supreme Court of Texas held that "a lack of immunity to COVID-19 is not itself a 'physical condition' for being eligible to vote by mail within the meaning of § 82.002(a)." *Id.* at 560.

[3] Although there were other defendants in this suit, Plaintiffs bring their appeal only against the Secretary of State.

No. 22-50748

challenge, it determined that rational basis review, rather than strict scrutiny, was the proper standard because the right to a mail-in ballot was at stake rather than the right to vote. *TDP I*, 961 F.3d at 408–09 (citing *McDonald v. Bd. of Election Comm'rs of Chicago*, 394 U.S. 802, 807–08 (1969)). Because there was "no evidence that Texas [] denied or abridged" the right to vote, the panel concluded that Plaintiffs failed to show a substantial likelihood of success on the merits, and the injunction was stayed pending merits review.[4] *TDP I*, 961 F.3d at 409 (emphasis omitted).

Later when their appeal came before the merits panel, Plaintiffs defended the preliminary injunction "only on Twenty-Sixth Amendment grounds." *TDP II*, 978 F.3d at 176. The panel first grappled with the lack of clarity in Plaintiffs' briefing. Based on the nature of their arguments, it was unclear whether Plaintiffs were still challenging the law's constitutionality in the pandemic context or whether they were abandoning their as-applied challenge for the facial challenge. *Id.* at 177. Despite this lack of clarity, the panel cabined its review to the district court order properly before it. *Id.* at 177–78. As stated, that order solely addressed the as-applied challenge—i.e., it considered the constitutionality of § 82.003 in light of COVID-19 concerns. After establishing standing, ripeness, and the inapplicability of the political question doctrine, the court held that, contrary to the district court's conclusions, § 82.003 does not run afoul of the Twenty-Sixth Amendment because "conferring a benefit on another class of voters does not deny or abridge" other individuals' right to vote. *Id.* at 194. As such, it vacated the injunction and remanded the case to the district court.[5] *Id.*

---

[4] Plaintiffs' writ of certiorari to the Supreme Court in response to this decision was denied. *Tex. Democratic Party v. Abbott*, 140 S. Ct. 2015 (2020).

[5] Plaintiffs also filed a writ of certiorari to the Supreme Court on this decision, which was denied. *Tex. Democratic Party v. Abbott*, 141 S. Ct. 1124 (2021).

No. 22-50748

On remand, Plaintiffs filed a second amended complaint.[6] It alleged that § 82.003, alone and considered alongside upcoming election policies and future pandemic conditions, was unconstitutional, both as applied and facially. As to the allegations regarding future laws and conditions, the district court held that Plaintiffs lacked standing and that their claims were unripe and precluded by sovereign immunity. As to Plaintiffs' allegations based on current harm, the district court dismissed them on the merits. Pertinent here, it held that this court's decision in *TDP II* foreclosed Plaintiffs' Twenty-Sixth Amendment claim, "as a matter of law," and that the "law of the case" doctrine precluded it from relitigating this issue. The suit was dismissed in its entirety, and Plaintiffs timely appealed. On appeal, Plaintiffs' arguments rely only on a facial challenge of the Twenty-Sixth Amendment claim against the Secretary. Specifically, they argue that the election law's age-based requirement is unconstitutional, and the district court erred in dismissing their claims based on the rule of orderliness and the law of the case doctrine.

---

[6] Intervening as plaintiffs, the League of United Latin American Citizens and the Texas League of United Latin American Citizens also filed a complaint. When the Secretary moved to dismiss Plaintiffs' complaint, it moved to dismiss the intervenors' complaint as well. The district court addressed the claims congruently in both complaints when it dismissed the suit based on a failure to state a claim. Nevertheless, only Plaintiffs (i.e., Cascino, Sansing, and Garcia) appealed.

No. 22-50748

## II.    Standard of Review

When a district court dismisses a claim pursuant to 12(b)(6), this court conducts a de novo review of that judgment on appeal. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019). A "claim[] may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). It may also be dismissed "if the complaint does not contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In our review, we "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Id.* at 735 (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir. 1986)).

Finally, whether the law of the case doctrine "forecloses any of the district court's actions on remand" warrants de novo review. *Deutsche Bank Nat'l Tr. Co. v. Burke*, 902 F.3d 548, 551 (5th Cir. 2018) (quotation omitted).

## III.    Discussion

In this appeal, Plaintiffs seek to prevent preliminary barriers to the court's review of their facial challenge to the age-based election law. Specifically, they assert that: (1) they have standing to bring this claim; (2) that this claim is ripe for review; and (3) that this claim is not barred by sovereign immunity. Plaintiffs highlight that, unlike some of their claims that were dismissed for these reasons on remand, their facial challenge does not ask the court to "consider potential future legislation or evaluate the potential impact of the pandemic in future elections." They also point to this court's prior decision in *TDP II* holding that they had standing to challenge the election law and that the Secretary had a sufficient connection to the enforcement of the election law to preclude sovereign immunity. *See TDP II*, 978 F.3d at 178. In response to these arguments, the State concedes that the

No. 22-50748

facial challenge "is ripe and that *TDP II* establishes [that] [P]laintiffs have standing to bring this claim and that it is not barred by the Secretary's sovereign immunity." The parties, therefore, agree that this appeal is properly before this court for review of the merits.

The single merits question before us is whether the Twenty-Sixth Amendment prohibits the State from providing access to mail-in ballots for those 65 and older to the exclusion of younger voters.[7] As stated, a prior panel vacated a preliminary injunction arising from Plaintiffs' challenge to the election law as applied during the perils of the COVID-19 pandemic. *See TDP II*, 978 F.3d at 177–78. In that decision, the court held that "the Texas Legislature's conferring a privilege to those at least age 65 to vote absentee did not deny or abridge younger voters' rights who were not extended the same privilege." *Id.* at 192. It then stated that "[§] 82.003 itself does not violate the Twenty-Sixth Amendment." *Id.* The district court held that this decision foreclosed its review of the facial challenge to § 82.003 and holding otherwise would violate the law of the case doctrine.

## A.    *Rule of Orderliness*

Plaintiffs first argue that *TDP II* does not foreclose their current appeal because "the preliminary injunction review panel disclaimed ruling on the facial challenge presented in this appeal." As such, they contend that the rule of orderliness does not apply to their facial challenge. On the other hand, the State argues that the district court did not err in holding that *TDP II* binds the outcome of the central question of this appeal, regardless of whether Plaintiffs now bring a facial or as-applied challenge. According to the

---

[7] As the State notes, Plaintiffs have abandoned all other claims against all other defendants. *See also Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that an appellant abandons claims on appeal by failing to identify any error in the district court's analysis).

No. 22-50748

State, even though the prior panel did not ultimately decide Plaintiffs' facial challenge to § 82.003 because it was not the exact question before it, the holding in *TDP II* "did not turn on the facts of the pandemic." We agree with the State that *TDP II* already answered the question that Plaintiffs attempt to relitigate now, and thus the rule of orderliness must apply.

Under the rule of orderliness, we may not overrule controlling precedent unless there is "an intervening change in the law, such as a statutory amendment or a decision from either the Supreme Court or our en banc court." *Thompson v. Dall. City Attorney's Off.*, 913 F.3d 464, 467 (5th Cir. 2019). In other words, the rule of orderliness applies when a prior panel decision already answers the issue before us. *See Newman v. Plains All Am. Pipeline, L.P.*, 23 F.4th 393, 400 (5th Cir. 2022) (explaining that the rule of orderliness "binds us to follow a prior panel's decision on an issue"); *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 385 (5th Cir. 2011). *TDP II* is a published opinion that provides a substantive analysis of whether § 82.003's age-based requirement is violative of the Twenty-Sixth Amendment. Although the prior panel cabined its analysis to the as-applied question that was the only dispute on review, it noted that the analysis necessarily required it to answer generally "whether the law denies or abridges [Plaintiffs'] right to vote based on age." *TDP II*, 978 F.3d at 182. It further stated throughout the decision that "[r]egardless of whether [Plaintiffs brought] a facial or as-applied challenge, [the] analysis does not turn on the effect of the pandemic." *Id.*

In deciding to vacate the preliminary injunction on § 82.003, this court went step-by-step through the exact analysis that would apply to a facial challenge. It first determined that "the Twenty-Sixth Amendment confers an individual right to be free from the denial or abridgment of the right to vote on account of age." *Id.* at 184. It then established the scope of the Amendment's protection by distinguishing a right to vote from the right to

8

an absentee ballot. *Id*. at 188. Based on its interpretation of the terms "denied" and "abridged," the panel made clear that "an election law abridges a person's right to vote . . . only if it makes voting *more difficult* for that person than it was before the law was enacted or enforced." *TDP II*, 978 F.3d at 191. A law, such as the one at issue here, which "makes it *easier* for others to vote does not abridge any person's right to vote for the purposes of the Twenty-Sixth Amendment." *Id*. In its concluding language, the panel explicitly stated that "§ 82.003 itself does not violate the Twenty-Sixth Amendment." *Id*. at 192. It was not until after the panel drew this conclusion that it considered whether the pandemic affected its analysis for purposes of resolving the as-applied challenge. *Id*. Thus, the scope of the mandate in *TDP II* prevents this panel from departing from that holding and ruling in Plaintiffs' favor on their facial challenge.

What's more, Plaintiffs do not point to any intervening law that we may rely on to sway from our precedent. *See McClain*, 649 F.3d at 385. As such, like the district court, we reject Plaintiffs' attempt to relitigate these issues and hold that the rule of orderliness applies. *See Thompson*, 913 F.3d at 467.

## B.     *Law of the Case Doctrine*

Plaintiffs alternatively argue that the district court erred in applying the mandate of *TDP II* because that decision was clearly erroneous and following it would constitute a manifest injustice. We disagree. Under the law of the case doctrine, "an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *McClain*, 649 F.3d at 385 (quoting *Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir. 2006)). "The district court may only deviate from the mandate if one of the exceptions to the law of the case doctrine applies." *Fuhrman*, 442 F.3d at 897. Those exceptions include: "(i)

No. 22-50748

the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice." *Id.* (quoting *United States v. Becerra*, 155 F.3d 740, 752–53 (5th Cir. 1998)).

According to Plaintiffs, the prior panel in *TDP II*, "significantly departed from well-established law" when it failed to read the Twenty-Sixth Amendment "consistent with the Fifteenth, Nineteenth, and Twenty-Fourth Amendments," and this was a manifest injustice because it "allow[ed] [the State] to continue to discriminate against Plaintiffs on account of age in voting." However, the prior panel squarely addressed these arguments in *TDP II* and thus it appears Plaintiffs are simply attempting to relitigate their previous appeal.[8] *See* 978 F.3d at 189–92. The exceptions to the law of the case doctrine may not be used as a means to revisit issues properly addressed. Indeed, the manifest injustice exception is to be applied narrowly such that "mere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice." *Hopwood v. Texas*, 236 F.3d 256, 272 (5th Cir. 2000). "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must be dead wrong." *Id.* at 272–73.

The prior panel addressed "seemingly novel questions regarding the Twenty-Sixth Amendment." *Tex. Democratic Party*, 140 S. Ct. at 2015 (Sotomayor, J., writing separately, but agreeing with the denial of application

---

[8] In the prior appeal, the *TDP II* panel noted that Plaintiffs only mentioned the COVID-19 pandemic as a basis for the law's unconstitutionally a few times throughout their briefs. In its analysis determining whether Plaintiffs were bringing an as-applied or a facial challenge, it further highlighted that Plaintiffs explicitly stated that, rather than the pandemic, it was the "unambiguous text" of the Twenty-Sixth Amendment that rendered the law unconstitutional. *TDP II*, 978 F.3d at 176–77.

No. 22-50748

to vacate stay). Plaintiffs point to no evidence that strikes us as a clearly erroneous application of law. The district court therefore did not err in holding that the law of the case doctrine applied and in dismissing Plaintiffs' Twenty-Sixth Amendment challenge to Texas' age-based election law.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM.